UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH BIRDS HEAD,<br><br>Defendant. | 5:23-CR-50147-RAL<br><br><br>REPORT AND<br>RECOMMENDATION ON<br>MOTION TO DISMISS (DOC. 29) |

Joseph Birds Head filed a motion to dismiss and memorandum in support of his motion. (Doc. 29). Birds Head is charged by a Superseding Indictment with Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(8)). (Doc. 26). The pending motion was referred to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and United States District Court District of South Dakota's local rules, LR 57.11(B). Based on a careful consideration of all the evidence and counsel's arguments, the Court respectfully recommends that Birds Head's Motion to Dismiss (Doc. 29) be denied.

## **LEGAL BACKGROUND**

The Second Amendment of the United States Constitution was construed during the twentieth-century as a right held by individuals in the militia. See United States v. Miller, 307 U.S. 174, 178-79 (1939). In District of Columbia v.

Heller, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment "conferred an individual right to keep and bear arms." Heller, 554 U.S. at 595 (emphasis added). Later, the Supreme Court incorporated Heller's holding to the states via the Fourteenth Amendment. McDonald v. City of Chicago, Ill., 561 U.S. 742, 750 (2010).

Following the Supreme Court's decisions in Heller and McDonald, the Court developed a two-step test to evaluate Second Amendment claims. New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S.Ct. 2111 at 2125-26 (2022). "At the first step, the government may justify its regulation by establishing that the challenged law regulates activity falling outside the scope of the right as originally understood[.]" Id. at 2126 (citations omitted). Activity that falls beyond the original scope of the amendment was "categorically unprotected[,]" and the analysis could thus end. Id. If the activity was protected, the court proceeded to the second step, where "courts often analyze[d] how close the law comes to the core of the Second Amendment right and the severity of the law's burden on that right." Id. (citations omitted).

The decision in Bruen has prompted significant litigation concerning existing gun laws, including numerous challenges to 18 U.S.C. § 922(g). See, e.g., United States v. Rahimi, 61 F.4th 443, 448 (5th Cir. 2023) (finding 18 U.S.C. § 922(g)(8) unconstitutional); United States v. Ryno, 2023 WL 3736420, at *7 (D. Alaska May 31, 2023) (upholding constitutionality of 18 U.S.C. § 922(g)(9)).

The Eighth Circuit recently addressed a constitutional challenge to § 922(g)(1) in Jackson and, applying the Bruen framework, found that the section was constitutional. United States v. Jackson, 69 F.4th at 501-506. The Jackson court analyzed the language in Heller and Bruen, highlighting the ways in which the Supreme Court upheld the validity of felon in possession bans. Id. at 501-502. Jackson affirmed that "[g]iven these assurances by the Supreme Court, and the history that supports them, [the Eighth Circuit] conclude[s] that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." Id. at 502.

## DISCUSSION

"Birds Head concedes that the Eighth Circuit has recently ruled that 18 U.S.C. § 922(g)(1) is constitutional and not subject to either facial or 'as applied' challenges. See United States v. Jackson, 69 F.4th 495, 501-506 (8th Cir. 2023). Reh'g en banc denied, 2023 WL 5605618 (8th Cir. 2023). Therefore, Birds Head acknowledges that this court is unable to provide the relief sought by his motion to dismiss at this time. He presents these arguments to preserve them for further review, should the United States Supreme Court overturn the decision in Jackson." (Doc. 29, p. 1). Birds Head does not discuss 18 U.S.C. § 922(g)(9) in his motion.[1]

---

[1] A district court in this circuit found that "the same reasoning that upholds the constitutionality of 18 U.S.C. § 922(g)(1) also applies to § 922(g)(9). Those convicted of domestic violence are not the 'law-abiding citizens' that Bruen meant to protect, and the Supreme Court has consistently recognized and applied the prohibitions on possession of firearms by those convicted of domestic violence offenses in the aftermath of Heller. . . . Because Bruen is reconcilable with these cases, this court remains bound by Supreme Court

3

Though other circuit courts have ruled differently, this court remains bound by the precedent of the Eighth Circuit.  See United States v. Simonson, 4:23-CR-40087-KES, 2023 WL 7627979, *2 (D.S.D. Nov. 2023) (citing M.M. ex rel. L.R. v. Special Sch. Dist. No. 1, 512 F.3d 455, 459 (8th Cir. 2008) (noting an Eighth Circuit decision "is controlling until overruled by [the] court en banc, by the Supreme Court, or by Congress.")).  Therefore, it is recommended that Birds Head's Motion to Dismiss (Doc. 29) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require *de novo* review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 11th day of January, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge

---

precedent and must uphold the constitutionality of 18 U.S.C. § 922(g)(9)."
United States v. Hoeft, 4:21-CR-40163-KES, 2023 WL 2586030 *3.