UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH BIRDS HEAD,<br><br>Defendant. | 5:23-CR-50147-RAL<br><br>OPINION AND ORDER DENYING<br><br>MOTION TO REDUCE SENTENCE |

Defendant Joseph Birds Head pleaded guilty and was convicted of Possession of a Firearm by a Prohibited Person. Doc. 57 at 1. On April 26, 2024, this Court sentenced Birds Head to 48 months' imprisonment. Doc. 57 at 2. Birds Head now seeks a sentence reduction. For the reasons explained, this Court denies his motion. Doc. 60.

**I. Factual Background**

On March 8, 2023, Birds Head was arrested for possessing a loaded Ruger .357 Magnum revolver with an obliterated serial number. Doc. 46 at 5. Birds Head was also in possession of fifty-seven rounds of ammunition. Id. At the time of arrest, Birds Head was a convicted felon. Id. On February 2, 2023, Birds Head pleaded guilty to Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(8). Doc. 46 at 4; Doc. 57 at 1. At sentencing, Birds Head's guideline range was 110 to 137 months. Doc. 46 at 22. This Court sentenced Birds Head to 48 months, significantly lower than the bottom of the guideline range. Doc. 57 at 2. Birds Head is incarcerated at FCI Florence, and his current release date is

October 4, 2026. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (Federal Register No.: 79470-510) (last visited June 3, 2025).

On February 12, 2025, Birds Head filed with this Court a pro se motion for sentence reduction. Doc. 60. Birds Head's motion is based on his good behavior while incarcerated, and completion of the following programs: Department of Corrections Behavioral Health Cognitive Behavioral Interventions for Substance Abuse Treatment Program, Credit When Credit Is Due, Homeownership Education Resource Organization (HERO), and Prerelease Program (PreP). Doc 60-1.

**II. Discussion**

Sentences are final judgments, and under ordinary circumstances, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also United States v. Olson, No. 3:19-CR-30133-RAL, 2021 WL 4478031, at *1 (D.S.D. Sept. 30, 2021). However, 18 U.S.C. § 3582(c) provides exceptions to this general rule. Section 3582(c)(1)(A), as amended by the First Step Act, allows district courts to hear and decide motions for a reduced sentence filed by prisoners themselves, so long as the prisoner exhausted all administrative rights to appeal the BOP's failure to file a motion on the prisoner's behalf, or after 30 days have passed from the receipt of such a request by the warden of the prisoner's facility, whichever is earlier. Here, the Director of the Bureau of Prisons has not made a motion, nor has Birds Head exhausted his administrative remedies for relief. United States v. Vega, No. CR 03-40081, 2016 WL 6270724, at *2 (D.S.D. Oct. 26, 2016). Therefore, Birds Head is not entitled to relief under § 3582(c)(1)(A). Besides, completing programing and behaving well in custody, while laudable and appreciated, does not in itself justify relief under the First Step Act.

Section 3582(c)(1)(B) states, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Under Rule 35 of the Federal Rules of Criminal Procedure, "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed.R.Crim. P.35(b). Here, the Government did not file a motion for such a reduction. See Vega, 2016 WL 6270724, at *3. Therefore, § 3582(c)(1)(B) is inapplicable.

Finally, § 3582(c)(2) authorizes a court to modify a sentence if the Sentencing Commission has subsequently lowered the sentencing range under 28 U.S.C. 994(o). Birds Head has not identified any retroactive amendments to the Sentencing Guidelines that would apply to him. Therefore, § 3582(c)(2) is inapplicable.

This Court finds Birds Head's rehabilitation efforts commendable, but this Court is not authorized to modify the sentence based on completion of rehabilitation programs alone. See Vega, 2016 WL 6270724, at *3.

### III. Conclusion

Therefore, it is

ORDERED that the Motion to Reduce Sentence, Doc. 60, is denied.

DATED this 9th day of June, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE